ARTHUR F. DRINKWATER, *Adm'r, versus* JOSHUA R. JORDAN & *al.*

Where one of two joint debtors has been discharged, by a release not under seal, from his share of the debt, though for a sufficient consideration, such discharge is no defence to either in an action against both.

If the debtor, thus discharged, should be afterwards molested on account of the debt, his remedy would be by an action founded upon a breach of the contract of discharge.

A technical release to one of several joint debtors, being under seal, may be pleaded in bar to a suit against both.

ON AGREED STATEMENT.

THIS was an action of ASSUMPSIT, commenced by Eben Morrison, to recover the sum of $604,32, balance of account, alleged to be due from defendants. The death of plaintiff was suggested and A. F. Drinkwater, his administrator, came in to prosecute his suit.

Defendants offered the following receipt, which, it is admitted, was given prior to the making of the writ:—

"Ellsworth, October 13, 1857.—Received of B. F. Austin three hundred and two dollars and sixteen cents, which I acknowledge in full satisfaction for one half the amount due me from B. F. Austin & J. R. Jordan, late partners, under the firm and style of Austin & Jordan. I also agree hereby to release and discharge said B. F. Austin, from any further

claim, which I have against said Austin & Jordan, for any sum due me either in law or equity."

(Signed) " Eben Morrison."

It was admitted that a settlement was made by plaintiff and defendant Austin, on the said 13th of October, and that, by defendants' books, it appeared that said sum of $604,32, was due plaintiff.

It was also admitted that said Austin paid said $302,16, and that this receipt was given in full discharge of Austin alone, but with no intention to discharge his co-partner Jordan.

*A. F. Drinkwater, pro se.*

*A. Wiswell,* for defendants.

The opinion of the Court was drawn up by

MAY, J.— On the 13th of October, 1857, the defendants were indebted as partners to the plaintiff's intestate in the sum of $604,32. On that day, the defendant Austin paid $302,16, and took the receipt which is now relied upon as a discharge of the whole debt. But the receipt, by its very terms, purports to ˙be *a full satisfaction for only one-half of the debt.* It does, however, contain a stipulation to release and discharge the said Austin from any further claim due to the intestate. It is apparent upon the face of the receipt, as well as admitted in the facts as agreed by the parties, that the receipt was given in full discharge of Austin alone, with no intention to discharge his co-partner Jordan.

Upon these facts, this case cannot be distinguished in principle from that of *McAllister & al.* v. *Sprague & al.*, 34 Maine, 296. The receipt relied upon in that case was in its effect precisely like this; and this Court there held that, where one of two joint debtors had been discharged from *his share* of the debt by an instrument not under seal, even though made upon an adequate consideration, such discharge constituted no defence to either, in an action against both; and that the remedy of the discharged debtor, if he should

be afterwards molested on account of the debt, would be by an appropriate action founded upon a breach of the contract of discharge. Such an agreement to discharge, like a covenant not to sue one of two or more debtors, cannot be pleaded in bar of an action against all. That such a covenant cannot be so pleaded is well settled. *Walker* v. *McCullock*, 4 Maine, 421; *Catskill Bank* v. *Messinger*, 9 Cow., 37; *Brown* v. *Marsh*, 7 Verm., 327; *Shed* v. *Prince & al.*, 17 Mass., 623. The reason is, because it cannot be inferred from such a covenant that it was the intention of the parties to discharge the debt. The law is otherwise in the case of a technical release to one of several joint debtors. *Shaw* v. *Pratt*, 22 Pick., 305. But the receipt relied on in the present case, not being under seal, is not a technical release, and, therefore, is not a bar to this suit.

Nor can it be said that the facts in this case show an intention to settle the whole debt upon the payment of a part, and that the case, therefore, falls within the statute of 1851, c. 213, in force at the time when the receipt was given, and reënacted in the R. S. of 1857, c. 82, § 44. No such intention is apparent, or can properly be inferred from the agreement to discharge *in full* only one of the defendants. The contrary, as before stated, is admitted. The whole debt, therefore, was not settled, and the statute cited does not apply.

Whether there was any consideration for the contract to release and discharge the defendant Austin from any further claim upon him, is a question upon which we give no opinion. This action is well maintained.

*Defendants defaulted.*

TENNEY, C. J., and APPLETON, CUTTING, DAVIS, and KENT, J. J., concurred.